# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00090-SCT

*DONNIE SINGLETON*

*v.*

*STEVE PUCKETT, COMMISSIONER OF*
*MISSISSIPPI DEPARTMENT OF CORRECTIONS;*
*RAYMOND ROBERTS, SUPERINTENDENT OF THE*
*MISSISSIPPI DEPARTMENT OF CORRECTIONS;*
*BARBARA BAILEY, RECORDS DIRECTOR OF THE*
*MISSISSIPPI DEPARTMENT OF CORRECTIONS*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/20/95 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JAMES M. NORRIS |
| DISTRICT ATTORNEY: | G. GILMORE MARTIN |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/8/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/31/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

On July 27, 1995, officials representing the Administrative Remedy Program denied Donnie Singleton relief for a grievance he had filed alleging that his sentence had been miscalculated.

Singleton then filed a writ of habeas corpus with the Circuit Court of Sunflower County. On December 20, 1995, the Circuit Court of Sunflower County dismissed Singleton's petition for writ of habeas corpus. Aggrieved, Singleton appeals to this Court, assigning as error the following issue:

**WHETHER THE DEFENDANT HAS VIOLATED SINGLETON'S EIGHTH, THIRTEENTH, AND FOURTEENTH AMENDMENT RIGHTS BY MISCALCULATING HIS SENTENCE.**

## FACTS

On July 2, 1982, Donnie Singleton was sentenced to five years in the Mississippi Department of Corrections for burglary of a business. This five year sentence was initially suspended. Singleton's suspended sentence was revoked on March 1, 1983 when he was convicted of Grand Larceny. In addition to revoking his suspended sentence, the court imposed a sentence of five years with four years being suspended. Singleton served eighteen months and was released on parole. Singleton was out of prison for 157 days before he was arrested for rape. His parole having been revoked, he began serving the remainder of his original six year sentence on March 1, 1985. On February 13, 1986, Singleton was sentenced to 35 consecutive years for rape. Finally, on June 28, 1995, Singleton was convicted on three counts of possessing altered money orders for which he received three sentences of eight years to run concurrent with each other, but consecutive to the forty-one years he was already serving. In addition, Singleton received numerous prison rules violations which resulted in a loss of 5½ years of his "earned time."

Singleton now claims that the officials at the Mississippi Department of Corrections made a mistake in computing his sentence. Officials at M.D.O.C. computed Singleton's initial sentence to begin running on March 1, 1985 and expire on September 27, 1987. Singleton asserts that his initial sentence began running on March 1, 1983, and expired on August 1, 1986. Singleton maintains that he was not given the 1½ years of earned time for the time that he spent in the Hinds County Detention Center. He also contends that he has been denied some of his meritorious earned time. The state argues that Singleton has received all the earned time and meritorious earned time to which he is entitled and is serving his 49 year sentence as imposed. Further, the state contends that laches and the statute of limitations should bar review of this matter.

## DISCUSSION

Singleton asserts that the M.D.O.C. erred in computing his sentence. Singleton seeks to be credited with meritorious earned time on each of his first five year sentences separately. The Meritorious Earned Time Statute was enacted in 1985. Miss. Code Ann. § 47-5-142 (1993). Even though Singleton received his second sentence before the enactment of the statute, the M.D.O.C. awarded him 180 days meritorious earned time. He is now claiming that he should get two awards of meritorious earned time, one on each of his first five year sentences. The statute strictly prohibits any inmate from receiving more than one award of 180 days meritorious earned time, stating:

> [A]n offender shall never be allowed to earn more than a total of one hundred eighty (180) days of meritorious earned time during the entire time he is under the jurisdiction of the Department of Corrections.

Miss. Code Ann. § 47-5-142(4)(1993). Clearly, Singleton's demand for two awards of meritorious earned time violates the statute. Therefore, this argument is completely without merit.

Singleton also contends that he should receive credit for eighteen months of earned time for the eighteen months that he served on his initial sentences. Singleton did in fact receive credit for these eighteen months. Any inmate sentenced before June 30,1995, may use earned time to reduce his sentence up to fifty percent. Miss. Code Ann. § 47-5-138(1)(1993). The statute operates to allow an inmate to acquire 30 days of earned time for every month of "good time" he serves. *Id.* Singleton's combined sentences total 49 years. Singleton was awarded 24½ years of earned time. Thus, Singleton has received the maximum amount of earned time to which he is entitled. This earned time has been reduced due to his numerous rules violations. The Earned Time statute provides:

> An inmate may forfeit all or part of his earned time allowance for a serious violation of rules. No forfeiture of the earned time shall be effective except upon approval of the commissioner of his designee, and forfeited earned time may not be restored.

Miss. Code Ann. § 47-5-138(2)(1993). Half of Singleton's earned time was forfeited in accordance with this statute. However, prior to this forfeiture Singleton received the maximum amount of earned time available. It appears to this Court that Singleton brought this petition because he was agitated that he lost half of his earned time when he received rules violations for possession of altered money orders. He is now making a weak attempt to obtain more earned time and reduce the amount of time he actually has to serve. This Court finds that Singleton's contention that he was denied earned time for the eighteen months he served in the Hinds County Detention Center is without merit.

Singleton is also attempting to receive credit for the 157 days spent out on parole in 1985. The law is clear on this point.

> In the event the board shall revoke parole, the offender shall serve the remainder of the sentence originally imposed ...and **the time the offender was out on parole shall not be taken into account to diminish the time for which he was sentenced.**

Miss. Code Ann. § 47-7-27(1993) (emphasis added). In addition to the statute, this Court has held that convicts do not get credit for time spent on parole. *Segarra v. State*, 430 So.2d 408, 410 (Miss. 1983). Therefore, Singleton's argument that he should get credit for the 157 days he was paroled must also fail.

## CONCLUSION

This Court finds that the statute of limitations in the Post Conviction Collateral Relief Act should bar Singleton's petition. Miss. Code Ann. § 99-39-5 (2)(1994). Aside from the time bar, this Court holds that the Mississippi Department of Corrections was correct in calculating Singleton's sentence. The M.D.O.C. followed the applicable statutes and allowed Singleton the maximum amount of meritorious earned time and earned time. Miss. Code Ann. § 47-5-138, and § 47-5-142 (1993). The M.D.O.C. was also correct in denying Singleton credit for the 157 days he spent on parole. Time spent on parole will not count toward an inmate's sentence. Miss. Code Ann. § 47-7-27. Thus, it is the opinion of this Court that the M.D.O.C. awarded Singleton all of the earned time to which he was entitled.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR.**